SETH HUGHES v. THE STATE.

No. 8369. Decided May 21, 1924.

Rehearing denied June 18, 1924.

1.—Murder—Evidence—Motive—Rebuttal.

Where appellant's bill of exceptions complained of the introduction of the testimony of the widow of deceased in reference to a conversation had

by her with appellant on the night following the homicide, in which he told her that he killed deceased for killing his dogs, etc.; held that this testimony was material in rebuttal of defendant's claim that he killed deceased because of an insult offered to his wife.

### 2.—Same—Evidence—Fabricating Defense.

Upon trial of murder there was no error in admitting testimony to the effect that some time after the homicide appellant came to the State's witness and told him that he wanted a little help; that he wanted the witness to testify for him that deceased had told witness that he was expecting appellant to kill him at any time for insulting his wife.

### 3.—Same—Sufficiency of the Evidence.

Where, upon trial of murder, the evidence was sufficient to sustain the conviction, under a proper charge of the court, there is no reversible error.

### 4.—Same—Rehearing—Practice on Appeal—Declaration of Defendant.

Appellant was not under arrest at the time he made the statements to the State's witness and they were material as showing malice on his part in the killing, and the motion for rehearing is overruled.

Appeal from the District Court of Newton. Tried below before the Honorable V. H. Stark.

Appeal from a conviction of murder; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Newton County of murder, and his punishment fixed at fifteen years in the penitentiary.

There is no dispute of the facts that appellant shot and killed deceased. He admitted this fact upon the trial but urged as his motive for so doing the fact that deceased had insulted his wife. This theory was combated by the State's testimony, and the court submitted to the jury the law of murder and also of manslaughter. The record contains two bills of exception which have received the approval of the learned trial judge, but in neither of which do we perceive error. The first complains of the testimony of the widow of deceased in reference to a conversation had by her with appellant on the night following the homicide. She testified that appellant told her that he killed deceased for killing his dogs, that he had killed three, and he had fixed him so that he would not kill another, and that he was glad that he had done it. This testimony was material and pertinent as appellant's explanation of his purpose in committing the homicide,

and as rebutting his claim, as testified to upon the trial, that the killing was because of an insult offered to his wife. The other bill of exceptions was to the testimony of Henry Watson who stated that some time after the homicide appellant came to him and told him that he wanted a little help, and to witness' inquiry as to how he could help him, appellant stated that he wanted witness to testify for him that deceased had told him a few days back that he was expecting appellant to kill him at any time for insulting his wife. Witness further stated that deceased never did tell him any such stuff as that. We think it provable against the accused that he had attempted to manufacture false testimony in his own behalf and that no error was committed in the admission of this testimony.

There were no exceptions to the charge of the court and no other complaints evidenced by any bills of exception. The facts in evidence seem to amply support the jury's conclusion and it apearing that a fair trial has been had and that no error is in the record, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

June 18, 1924.

LATTIMORE, JUDGE.—Appellant renews complaint of the admission of the testimony of Mrs. Davis as to what was said to her by him after the homicide. A number of authorities are cited relating to the law of impeaching testimony. Any statement made by one accused of crime which is material as affecting the commission thereof, its purpose or motive, becomes material as original testimony. Appellant was not under arrest at the time he made the statements to Mrs. Davis and they were material as showing malice on his part in the killing.

The motion for rehearing will be overruled.

*Overruled.*